Filed 7/22/26  P. v. Alverson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOE WILLIAM ALVERSON, JR.,

    Defendant and Appellant.

E086342

(Super.Ct.No. FWV21001775)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Melissa A. Rodriguez, Judge.  Dismissed

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Robin Urbanski and Caelle Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Joe William Alverson, Jr., appeals the trial court's revocation of probation. Defendant argues on appeal that his due process rights were violated when the trial court revoked his probation without holding a formal hearing on the matter. Because defendant's full sentence was deemed served at the time of sentencing, we dismiss the appeal as moot.

**FACTUAL AND PROCEDURAL HISTORY**

In May 2021, defendant entered a no-contest plea to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)) and misdemeanor driving with a blood alcohol level of 0.08 percent (Veh. Code, § 23152, subd. (b)). As relevant here, the court ordered two years of formal probation and three years of summary probation.

In September 2022, defendant was arrested and taken into custody on new felony charges in case number FMB22000386 (hereafter referred to as the 0386 Case), and a hearing was set on the petition to revoke defendant's probation. Probation was summarily revoked in December 2022, and defendant remained in custody. The court informed defendant (who was in pro. per.) that it was going to have the probation violation hearing trail the 0386 Case.

The probation violation hearing was then continued repeatedly without any substantive discussion until October 2024, when defendant confirmed with the court on the record that he wanted a hearing set on his probation violation matter.

2

On November 21, 2024, the People informed the court: "[W]e actually set a *Vickers*[1] hearing for tomorrow, and we had a probation report we received today. . . . If I'm reading this right, it looks like, according to the probation recommendation, [defendant] would be done on the time that the probation department is recommending, so I don't know if we need to also continue that *Vickers* hearing or if it's even going to be necessary." Because the judicial officer who had been presiding over defendant's case was not available that day, the court continued the hearing with defendant's consent.

On November 25, 2024, the deputy district attorney appearing on the matter (who was a different deputy district attorney than the one who had appeared at the prior hearings) stated that he understood defendant wished to proceed with the violation of probation issue, and that "I think we had a preliminary hearing where the defendant was found to be in violation [of probation] by the Court." The People acknowledge that this statement was a mistake. There had not been a finding at a previous hearing that defendant was in violation of the terms of his probation other than the December 2022 summary revocation hearing.

Defendant, who was still in pro. per., was asked his position in response to the People's mistaken statement. He did not correct the People but instead proceeded to address the substance of his probation report. The court orally pronounced a sentence, but stated that defendant was not being remanded to state prison while the 0386 Case was

---

[1] A "*Vickers* hearing" is the formal evidentiary hearing where the probationer is given an opportunity to be heard, present witnesses and documentary evidence, and confront and cross-examine witnesses before probation can be finally revoked. (*People v. Vickers* (1972) 8 Cal.3d 451, 457-459 (*Vickers*).

still pending. In response, defendant stated: "Your Honor, I'm trying to get sentenced today for that matter to resolve the probation matter and then proceed with the other criminal matter. That is what I'm trying to do today." The November 25, 2024, minute order describes the proceeding as the court stating its "intended sentence," and sets forth that the following hearing would be "Post *Vickers*."

In March 2025, the court noted that there was a matter on calendar for sentencing. Defendant asked, "Is there a way we can get the sentencing for that matter to occur before we could proceed further? I've already served the time for that particular case." After discussing with the People off the record, defendant agreed to again waive his time on sentencing for the probation violation.

On May 9, 2025, as the court was concluding its rulings on motions in the 0386 Case, defendant interjected: "There is also another matter I wanted to address to the Court. I wanted to see if I can get the sentencing done for the probation violation that has been trailing the matter. I wanted to get sentenced on the probation." The court thereafter ordered that probation would remain revoked and sentenced defendant to two years of state prison and 180 days of county jail with credits of 1,853 days for time served. The minute order and abstract of judgment reflect that defendant's sentence was deemed served pursuant to section 1170, subdivision (a)(3).

## DISCUSSION

Defendant's sentence on the violation of probation was already completed at the time of the trial court's pronouncement of the sentence. The parties were ordered to

4

submit supplemental briefing as to whether defendant's appeal is moot, and we have considered those briefs.

An appeal is moot where "a reviewing court's resolution of the issues could offer no relief." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645 (*DeLeon*)). The reviewing court " 'will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal.' " (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.)

A criminal defendant's appeal of his underlying conviction is not mooted simply because he has served his sentence, as the defendant continues to suffer collateral consequences from the conviction. (*Carafas v. LaVallee* (1968) 391 U.S. 234, 237-239.) However, that same reasoning does not apply to a probation violation. (*People v. Armas* (2024) 107 Cal.App.5th 350, 357 (*Armas*).) In *Armas*, the trial court found the defendant violated the terms of his probation, and while his appeal of the order was pending, the defendant completed his probation term. (*Id.* at pp. 352-353.) In dismissing the appeal as moot, a different division of this court held that a probation violation does not carry the same type of collateral consequences as a criminal conviction. (*Id.* at pp. 356-357.) The *Armas* court relied upon the California Supreme Court decision in *DeLeon*, *supra*, 3 Cal.5th 640, and the United States Supreme Court decision in *Spencer v. Kemna* (1998) 523 U.S. 1 (*Spencer*), both of which held that appeals of parole violations are moot where the defendant has finished serving his term of imprisonment. (*Armas*, at pp. 354-357.)

The court in *DeLeon*, *supra*, 3 Cal.5th 640, specifically adopted the *Spencer* decision in holding that a parole violation "does not involve the same collateral

5

consequences that attach to a criminal conviction" for the purposes of assessing mootness. (*Id.* at p. 646.) The *DeLeon* court reasoned that "[f]uture consequences will not arise unless there is additional criminal conduct. Even then, [the defendant's] parole violation is just one of many factors a court may consider in deciding whether to grant probation, or what sentence to impose." (*Ibid*.)

We agree with the *Armas* court that *DeLeon* applies in the context of probation violations. There are no consequences to defendant that can be remedied by this court, other than speculative consequences that our Supreme Court has already identified as insufficient to overcome mootness. Defendant has not articulated any relief we could provide to him that would have any practical effect even if we were to rule in his favor.

Defendant argues that *Armas* is distinguishable because, unlike the *Armas* defendant, he remains in state prison while this appeal is still pending. However, defendant is not in state prison on this case, as his sentence was already served. Any order made from this appeal will not result in defendant being released from custody. There is no suggestion by defendant that his probation violation in this case affected his other case. Even if that were true, a probation violation is "just one of many factors" and therefore "does not constitute a disadvantageous collateral consequence for purposes of assessing mootness." (*DeLeon*, *supra*, 3 Cal.5th at pp. 646, fn. omitted)

We disagree with defendant's assertion that both *Spencer* and *DeLeon* are inapplicable here because they were decided in the context of parole violations rather than probation violations. The principles of revocation of probation versus parole are

indistinguishable "insofar as the demands of due process are concerned." (*Vickers*, *supra*, 8 Cal.3d at p. 458.)

We also disagree with defendant that the more applicable case is *People v. Buell* (2017) 16 Cal.App.5th 682, which held that the defendant's probation revocation was not moot despite him having served his sentence because "a successful appeal would clear his record and remove the ' "stigma of criminality." ' " As the *Armas* court noted, "*Buell*'s analysis is not persuasive because it does not acknowledge or discuss our Supreme Court's opinion in *DeLeon* . . . even though *Buell* was issued three months after *DeLeon*." (*Armas*, *supra*, 107 Cal.App.5th at p. 357.) Moreover, we are not bound by the Court of Appeal's decision in *Buell*, while we are obliged to rule in a manner that is consistent with our Supreme Court's decision in *DeLeon*.

As to defendant's argument that *Armas* is distinguishable because the defendant there had an opportunity to appeal "at least some of the probation revocation issues" while he did not, this has no bearing on the applicability of *Armas*. The fact that the *Armas* defendant had previously filed a non-moot appeal played no role in the decision of the *Armas* court, and the first appeal affirmed the trial court's order in any event. (*Armas*, *supra*, 107 Cal.App.5th at p. 353.) Additionally, as is discussed *post*, we would affirm the judgment in this case even if the appeal was not moot.

Finally, defendant requests that even if the matter is moot, we nevertheless decide the case on its merits because the issue is "of continuing public importance and is a question capable of repetition, yet evading review." (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 883.) However, this case presents no issue of public importance

because the law is settled that a probationer is entitled to have a formal hearing on his probation revocation. (*Vickers*, *supra*, 8 Cal.3d at pp. 457-459.)

Defendant argues that his case is one of continuing public interest because if probation revocation cases are routinely dismissed as moot, then there would be "effectively no way to appeal an illegal probation revocation since most appeals take at least two years to decide." We are not persuaded by defendant's argument because it does not reflect reality. If defendant here did not have sentencing credits at the time the trial court pronounced his sentence, he would presently still have approximately one more year in prison out of his two-year sentence and his appeal would not be moot. For defendants with shorter sentences who contend that they have been wrongfully imprisoned for alleged probation violations, writ relief may be available depending on the circumstances.

Even if we were not to dismiss defendant's appeal as moot, we would affirm the judgment. As set forth *ante*, defendant advocated on multiple occasions that the trial court sentence him for his probation violation. Under these facts, defendant invited the error. " 'The doctrine of invited error is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest. If defense counsel intentionally caused the trial court to err, the appellant cannot be heard to complain on appeal.' " (*People v. Bailey* (2012) 54 Cal.4th 740, 753.)

Defendant also waived his right to a formal probation violation hearing when he did not object to the People's statement that there had already been a finding that he violated probation and instead chose to argue about the substance of his probation report.

8

(See *People v. Martin* (1992) 3 Cal.App.4th 482, 486 [the defendant waived his right to a revocation hearing "by filing a statement in mitigation which acknowledged that he would be sentenced on all three cases and failing to object at the sentencing hearing either to the sentencing procedure or to the grounds for revocation"].)

## DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS.


MILLER _____

J.


We concur:


RAMIREZ _____

P. J.

CODRINGTON _____

J.